UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Frank Inman,<br><br>               Plaintiff<br><br>v.<br><br>Bangor Housing Authority,<br><br>               Defendant | Civil No: |

NOTICE OF REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. § 1446(a), (b)

      Defendant Bangor Housing Authority ("BHA") submits this Notice of Removal of this pursuant to 28 U.S.C. § 1446. In support of this notice, BHA states as follows:

      1.     Plaintiff, Frank Inman, commenced an action against BHA in the Penobscot County Superior Court, captioned as <u>Frank Inman v. Bangor Housing Authority</u>, Docket No. AP-15-14. A true copy of the Complaint and all other process, pleadings, and orders served upon BHA are attached hereto as **<u>Exhibit A</u>**, as provided by 28 U.S.C. § 1446(a).

      2.     BHA was served, via deputy sheriff, with the summons and complaint on December 3, 2015.

      3.     Promptly after filing this Notice of Removal, BHA will give written notice of removal to Plaintiff and to the Clerk of the Penobscot County Superior Court, as provided in 28 U.S.C. § 1446(d). A true copy of the Notice to Plaintiff that Action has been Removed and Notice to Clerk of Court of Removal of Civil Action to Federal Court (without exhibits) are attached hereto as **<u>Exhibit B</u>**.

### JURISDICTION

      4.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a cause of action that arises under the United States Constitution and 42 U.S.C. § 1983.

      5.     A case arises under federal law if it requires interpretation of either the United States Constitution or a federal statute. See <u>Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dept. of Environmental Management</u>, 585 F.3d 42, 48 (1st Cir. 2009) (noting that one test for determining whether federal question jurisdiction exists is whether "plaintiff pleads a cause of

action that has its roots in federal law (say, a claim premised on the United States Constitution or on a federal statute)").

6. In his Complaint, Plaintiff generally alleges that BHA's denial of his housing application appeal "caused the plaintiff to be removed from the waiting list . . . requiring plaintiff to reapply" in violation of his "[r]ights as [p]rotected by the United States Constitution and State Laws." (Ex. A, Complaint ¶ 6.)

7. The question of whether BHA violated Plaintiff's rights under the United States Constitution requires interpretation of, among other things, the Constitution and 42 U.S.C. § 1983. Therefore, removal of this action from the Penobscot County Superior Court is proper because this Court would have had original jurisdiction of this action under 28 U.S.C. § 1331, had this action been initially filed in this Court.

8. To the extent that Inman alleges any state law causes of action, those claims do not deprive this Court of jurisdiction because they arise from the same set of facts and circumstances on which his federal causes of action are based. Accordingly, all of Plaintiff's claims arise from the same set of facts and circumstances, such that if brought originally in federal court, the federal court would have supplemental jurisdiction over them pursuant to 28 U.S.C. § 1331.

WHEREFORE, Defendant BHA gives notice that the above-described action pending against it in the Penobscot County Superior Court is removed to this Court.

Dated: December 17, 2015                /s/ Joseph M. Bethony
                                        Joseph M. Bethony, Esq.
                                        GROSS, MINSKY & MOGUL, P.A.
                                        23 Water Street, Suite 400
                                        P. O. Box 917
                                        Bangor, ME 04402-0917
                                        Phone: (207) 942-4644